UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                   Case No. 21-cr-253-pp

SAMUEL L. SPENCER,

    Defendant.

**ORDER REGARDING RECIPROCAL DISCOVERY**

    Because it had another scheduled hearing, the court was forced to terminate the December 14, 2023 final pretrial conference before the parties and the court had covered all the necessary issues. As the court was discussing with the parties possible dates for an adjourned final pretrial conference, one of the prosecutors advised the court that the government had requested reciprocal discovery from the defense but had not received anything. Counsel explained that the government had become aware that defense counsel (and/or counsel's investigator) had visited one of the government's witnesses and had interviewed that witness. Counsel told the court that it was defense counsel's position that because the defense had made no notes of that interview and there was no report of that interview, the defense had nothing to turn over. The prosecutor cited "Nobles" and "Rule 26" in arguing that the government was entitled to the information about the interview—either in a report or an email summary or *some* form—and opined that knowing when the

1

defense might turn over that information could affect the scheduling of the adjourned final pretrial conference.

Federal Rule of Criminal Procedure 16(b) governs a defendant's obligations to disclose pre-trial discovery. It states:

> (b) Defendant's Disclosure.
>
> (1) *Information Subject to Disclosure.*
>
> (A) *Documents and Objects.* If a defendant requests disclosure under Rule 16(a)(1)(E) [of documents and objects from the government] and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
> (i) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.
>
> (B) *Reports of Examinations and Tests.* If a defendant requests disclosure under Rule 16(a)(1)(F) [of reports of examinations and tests from the government] and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination or of any scientific test or experiment if:
>
> (i) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

This court's Criminal Local Rule 16(d)(5) states that if the government is following the Expanded Discovery Policy, "the defense must disclose materials described in Fed. R. Crim. P. 16(b)(1)(A) and (B) as soon as reasonably

2

practicable, and in any event not later than 15 days before commencement of the trial, unless the defense shows good cause for later disclosure."

These rules do not address the issue raised by the prosecution at the December 14, 2023 hearing. Information a defense attorney or defense investigator hears in a witness interview does not constitute documents, objects or reports of physical or mental examinations or scientific tests.

Federal Rule of Criminal Procedure 26.2 governs the production of witness statements. Rule 26.2(a) states:

> **(a) Motion to Produce**. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Section (f) of Rule 26.2 defines a witness's "statement" as:

> (1) a written statement that the witness makes and signs, or otherwise adopts and approves;
>
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>
> (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

If, as the court understood the prosecutor to say, defense counsel or the defense investigator questioned a witness but made no report and took no contemporaneous notes, and if the witness did not make a signed statement, Rule 26.2 does not appear to apply. Even if it did apply, the rule requires disclosure of witness statements "after" the witness "has testified on direct

3

examination." The 1979 Advisory Notes to Rule 26.2 explain that "[t]he rule is not intended to discourage the practice of voluntary disclosure at an earlier time so as to avoid delays at trial," but this court's standard criminal pretrial order does not include an earlier deadline for making Rule 26.2 disclosures. See Dkt. No. 94.

The prosecution cited United States v. Nobles, 422 U.S. 225 (1975). In Nobles, defense counsel called a defense investigator to testify about statements the investigator had obtained from certain witnesses, for the purpose of impeaching the credibility of those witnesses. Id. at 227. The defense investigator had prepared a written report of the statements witnesses had made to the investigator. Id. Defense counsel relied on that report to cross-examine the witnesses at trial. Id. at 228. Although the government briefly was allowed to see a portion of the investigator's report when it was used to refresh the witness's recollection, defense counsel ultimately refused to produce the report when the government asked for it. Id. at 228-229. The Supreme Court concluded that "a federal trial court may compel the defense to reveal the relevant portions of the investigator's report for the prosecution's use in cross-examining" a witness whom the defense had sought to impeach with the statements in that report. Id. at 227. Here, it appears that there is no written report or written account of what the witness said to defense counsel or the defense investigator.

If the government has authority requiring defense counsel to make a written record of interviews with witnesses or requiring defense counsel to turn

4

over the contents of oral statements by witnesses, it should provide that authority to the court as soon as possible.

Dated in Milwaukee, Wisconsin this 15th day of December, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**