UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

        Case No. 21-cr-253-pp

SAMUEL L. SPENCER,

        Defendant.

**ORDER GRANTING PARTIES' REQUESTS FOR EXPERT WITNESSES TO APPEAR VIA VIDEOCONFERENCE**

On January 3, 2024, a day after the parties completed briefing on all motions to exclude expert witnesses, the court issued a text-only order advising the parties that it needed more information to rule on their motions. Dkt. No. 148. It advised the parties that it would hold a Rule 702 hearing the morning that trial is scheduled to begin—January 8, 2024—and that it would follow that order with a short order outlining the structure of the hearing. Id. Just before 2:00 p.m. on January 4, 2024, the court issued that short order, describing the information that it needed and ordering the parties to appear at 8:30 a.m. on January 4, 2024 "with the necessary witnesses and be prepared to address" the issues it had described. Dkt. No. 149 at 7.

An hour or so later, counsel for the government sent an email to the undersigned's direct email address. Counsel copied her co-counsel and counsel for the defendant, but did not copy chambers staff. The email states:

1

> We interpret page 7 of the Order issued at ECF No. 149 as requiring us to produce our experts for testimony on Monday. If that is the case, [co-counsel] and I would like to know whether the Court is amenable to taking that testimony via Zoom or other remote method? Although [one of the government's proposed expert witnesses] is local and can appear in person, [the other government's proposed expert] lives in Indiana where he teaches and sees patients. If possible, it would be beneficial for him to appear via a remote method. Additionally, could the Court please clarify whether the Court intends to question the witnesses regarding the issues raised in the Order or whether the Court would prefer that the parties do so.

Minutes later, defense counsel also emailed the undersigned:

> We planned on filing a request seeking the same accommodations, and will do so if that's the Court's preference, But since the issue has already been raised over email, I wanted to inform the Court that we have the same request, as [the defense proposed expert] lives in Puerto Rico. Of course, we don't oppose allowing [the government's second proposed expert] to appear by zoom as well. Thanks.

The appropriate way for a party to ask the court to take action is to file a motion, not to send the judge an email. Further, counsel did not copy chambers staff; the undersigned was the only addressee on the email and was not available to view messages for part of the afternoon due to hearings and a doctor's appointment. In future, if the parties want the court to take some action, they should file a motion on the docket (and, if immediate action is warranted, call the chambers group line to advise staff that the motion has been filed).

That said, given the time crunch, the court will not require the parties to file a motion. The parties have framed the issue as whether the court is "amenable" to taking the expert witness's testimony by videoconference. The court understands the logistics and is "amenable" to the witnesses appearing

2

by videoconference, *if* the rules and the caselaw allow. The parties have not addressed the court's authority to allow the experts to testify by videoconference.

Fed. R. Crim. P. 26 states that, "In every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§2072–2077." A Rule 702 hearing prior to jury selection arguably is not "trial." Fed. R. Crim. P. 43(b)(3) provides that a defendant's presence is not required at a hearing on a question of law, but that rule does not seem relevant given that the defendant will be present in person in the courtroom Monday morning. The court has conducted a brief Westlaw search and has found no cases on point in the Seventh Circuit or district courts within the circuit. In United States v. Patterson, Case Nos. 21-1678-cr, 21-1708-cr, 21-2214-cr, 21-2466-cr, 2022 WL 17825627, at *4 (2d Cir. 2022), the Second Circuit concluded that the district court did not abuse its discretion in allowing a witness in a criminal trial to testify by two-way video in circumstances where the district court had determined that the witness was unavailable "because he could not travel across the country at a time when vaccines were not yet easily obtained without subjecting himself to a substantive risk of contracting COVID-19, which, given his age and comorbidities, could well result in serious illness or death." The Patterson court held that the video testimony did not violate the Confrontation Clause as interpreted by the Second Circuit in United States v. Gigante, 166 F.3d 75, 80-82 (2d Cir. 1999), stating that "[a]lthough two-way video testimony 'should not

3

be considered a commonplace substitute for in-court testimony by a witness,' allowing two-way video testimony amidst an unprecedented global pandemic, where the witness was unvaccinated and risked substantial illness or death from COVID-19, 'further[ed] the interest of justice.' <u>Gigante</u>, 166 F.3d at 81." <u>Id.</u> at *5. The parties have not asked the court to make a finding of unavailability, but they argue that their witnesses live out-of-state. The witnesses will be testifying at a Rule 702 hearing, not a trial, and it appears that neither party objects to the other's request.

The court will grant the government's request to have Dr. Robert Chambers testify by video, and the defendant's request to have Justice Rivera testify by video, conditioned upon oral confirmation the morning of the hearing that neither party objects to the other party's expert appearing via video. As for the government's request about who should conduct the questioning, the burden is on the proponent of the proposed expert to demonstrate that that expert meets the requirements of Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). The court provided guidance to the parties on the information it needs to decide their motions; the parties are responsible for eliciting that information from their witnesses.

The court **GRANTS** the parties' request to allow proposed expert witnesses Dr. Robert Chambers (government) and Justice Rivera (defense) to testify

at the January 8, 2024 Rule 702 hearing via videoconference, conditioned upon confirmation at the start of the hearing that neither party objects.

Dated in Milwaukee, Wisconsin this 4th day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**